# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBIN DECKER, | ) |
| | ) |
| Plaintiff, | )   No. 25-11085-JEL-KGA |
| | ) |
| v. | )   Hon. Judith E. Levy |
| | ) |
| MAC'S CONVENIENCE STORES, LLC, | )   Mag. Judge Kimberly G. Altman |
| | ) |
| Defendant, | ) |
| | ) |

---

| | |
|---|---|
| MARC J. MENDELSON (P52798) | JOSEPH P. SULLIVAN (P38076) |
| JAMES A. LANE (P74654) | LITCHFIELD CAVO LLP |
| MIKE MORSE LAW FIRM | Attorney for Defendant |
| Attorneys for Plaintiff | 303 West Madison Street |
| 24901 Northwestern Highway, Suite 700 | Chicago, IL 60606 |
| Southfield, Michigan 48075-l365 | (312) 781-6602 |
| (248) 350-9050 | sullivanj@litchfieldcavo.com |
| James.lane@855mikewins.com | |
| marc.mendelson@855mikewins.com | |

---

### DEFENDANT MAC'S CONVENIENCE STORES, LLC'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Mac's Convenience Stores, LLC ("Mac's" or "Defendant") (previously named as Circle K Stores Inc.), by and through its attorneys, Litchfield Cavo LLP, and for its Answer to Plaintiff's Complaint, pursuant to the parties' Stipulated Order to Amend the Caption to Properly Name Defendant Mac's, as entered by this Court on May 31, 2025, states as follows:

### COMMON ALLEGATIONS

1. Plaintiff, Robin Decker, is a resident of the Village of Maybee, County of Monroe, State of Michigan.

**RESPONSE: To the extent that the allegations in paragraph 1 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's is without information to admit or deny the allegations contained in paragraph 1, and therefore denies same.**

2. Defendant, Circle K Stores Inc., is a foreign corporation doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Monroe, State of Michigan.

**RESPONSE: To the extent that the allegations in paragraph 2 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's admits only that Defendant Mac's Convenience Stores, LLC, is a foreign corporation doing business pursuant to the laws of the State of Michigan, and that it conducts business in the County of Monroe, State of Michigan.**

3. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

**RESPONSE: To the extent that the allegations in paragraph 3 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 3.**

<u>**COUNT I**</u>
**PREMISES LIABILITY CLAIM AS TO DEFENDANT**
**MAC'S CONVENIENCE STORES, LLC**
**(PREVIOUSLY NAMED AS CIRCLE K STORES INC.)**

4. Plaintiff, Robin Decker, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 3 as if fully set forth herein.

**RESPONSE: To the extent that the allegations in paragraph 4 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's adopts and reincorporates by reference each and every one of its responses to the allegations contained in paragraphs 1 through 3 as if fully set forth herein.**

5. That, on or about May 19, 2023, Defendant, Circle K Stores Inc., was then and there in control of the premises located at 1330 Monroe Street in the Village of Carleton, County of Monroe, State of Michigan.

**RESPONSE: To the extent that the allegations in paragraph 5 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's admits only that Defendant Mac's Convenience Stores, LLC, owned and operated a store at the premises located at 1330 Monroe Street in the Village of Carleton, County of Monroe, State of Michigan. Defendant Mac's denies all remaining allegations contained in paragraph 5.**

6. That, on or about May 19, 2023, Plaintiff, Robin Decker, was lawfully and properly on Defendant's premises and her relationship to Defendant was that of an invitee.

**RESPONSE: To the extent that the allegations in paragraph 6 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 6.**

7. That, on the aforementioned date, as Plaintiff, Robin Decker, walking in the parking lot of the Defendant's premises, she looked back at the gas pump number and violently fell due to a large pothole, whose irregularities were not visible and without any warning, which caused her to suffer severe personal injuries, including, but not limited to, *traumatic injuries to her head, including a Dupuytren's contracture of right hand, palm fasciectomy of right hand,* among other injuries.

**RESPONSE: To the extent that the allegations in paragraph 7 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 7.**

8. That, at all times relevant hereto, Defendant, Circle K Stores Inc., owed a duty to Plaintiff, who was lawfully upon the premises, to maintain the premises in a safe condition free from danger,

to exercise reasonable care to diminish hazards created by the presence of the large pothole, and such duty further required that reasonable and appropriate measures, in light of existing and expected circumstances, be taken within a reasonable time to alleviate said hazard.

**RESPONSE: To the extent that the allegations in paragraph 8 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's admits to only those duties created by Michigan law, and denies Plaintiff has fully and accurately stated those duties herein. Defendant Mac's denies the remaining allegations in paragraph 8.**

9. That in total disregard of such duties, Defendant, Circle K Stores Inc., at all times material herein, breached said duties in one or more of the following particulars, but not necessarily limited to:

   a. Negligently, carelessly and recklessly maintaining the premises in an unsafe dangerous condition which constituted the creation of a hazard, when it was known or should have been known that the particular condition of the parking lot/large pothole created an unsafe condition;

   b. Negligently, carelessly and recklessly increasing the hazard posed by the aforementioned defective premises by failing to correct said situation;

   c. Negligently, carelessly and recklessly failing to timely and properly inspect the parking lot/large pothole to identify the danger;

   d. Negligently, carelessly and recklessly failing to correct a dangerous condition then and there existing upon the premises when Defendant knew or should have known of said condition;

   e. Negligently, carelessly and recklessly maintaining a hazardous condition on the premises;

   f. Negligently, carelessly and recklessly failing to provide Plaintiff reasonable and safe means of necessary access in and about said premises and free from dangerous and hazardous conditions;

   g. Negligently, carelessly and recklessly failing to use reasonable care to protect Plaintiff, and those like Plaintiff, from and against the hazards arising from the defect complained of;

 h. Negligently, carelessly and recklessly failing to inspect said premises so as to discover a dangerous condition of which Defendant knew or had reason to know existed;

 i. Negligently, carelessly and recklessly failing to alleviate a dangerous condition which Defendant knew or had reason to know existed;

 j. Negligently, carelessly and recklessly failing to warn Plaintiff, and those like her, of the dangerous condition then and there existing;

 k. In otherwise negligently, carelessly and recklessly failing to exert that degree of care, caution and diligence as would be demonstrated by a reasonable prudent business under the same or similar circumstances and in otherwise causing the injuries and damages to Plaintiff as hereinafter alleged;

 l. Failing to exercise reasonable care in hiring, supervising, and retaining its employees; and

 m. Negligently, carelessly and recklessly being guilty of other acts of negligence currently unknown to Plaintiff, but which will be ascertained through the discovery process.

**RESPONSE: To the extent that the allegations in paragraph 9 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 9, including each of subparagraphs 1) through 13).**

10. Defendant, Circle K Stores Inc., is vicariously liable under the doctrine of *respondeat superior* for the acts or omissions of any of its agents, contractors, employees, or other entities under its ownership or control.

**RESPONSE: To the extent that the allegations in paragraph 10 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 10.**

11. As a direct and proximate result of the acts and/or omissions of Defendant, Circle K Stores Inc., Plaintiff, Robin Decker, was caused to sustain severe injuries, including, but not limited to, *traumatic injuries to her right hand, including Dupuytren's contracture of right hand and palm*

*fasciectomy of right hand*, among other injuries. As a result, Plaintiff suffered severe, excruciating and continuing pain and suffering, emotional distress, and humiliation, past and permanent; all of which have necessitated medical care and treatment, extensive therapy, medication and other rehabilitative aids.

**RESPONSE: To the extent that the allegations in paragraph 11 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 11.**

12. As a further direct and proximate result of the acts of negligence and/or omissions of Defendant, Circle K Stores Inc., Plaintiff, Robin Decker, was required to incur substantial sums of money for the reasonable and necessary medical care and treatment referred to above in an attempt to alleviate and cure herself of the pain, suffering, mental anguish, and permanent injuries sustained by her in the hereinbefore described incident.

**RESPONSE: To the extent that the allegations in paragraph 12 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 12.**

13. That as a further direct and proximate result of the acts of negligence and/or omissions of Defendant, Plaintiff, Robin Decker, is and will be unable to participate in those activities in which a normal and healthy individual in the same and similar circumstances could have participated but for the injuries sustained in the above-described incident.

**RESPONSE: To the extent that the allegations in paragraph 13 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 13.**

14. In the event it is determined that Plaintiff, Robin Decker, was suffering from any other pre-existing medical and/or emotional condition(s), then, in that event, Plaintiff avers that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

**RESPONSE: To the extent that the allegations in paragraph 14 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 14.**

WHEREFORE, Defendant, Mac's Convenience Stores, LLC, denies that Plaintiff is entitled to judgment against it in any amount whatsoever, and prays for the entry of judgment in its favor, together with costs of this action.

### COUNT II
### NEGLIGENCE CLAIM AS TO DEFENDANT
### MAC'S CONVENIENCE STORES, LLC
### (PREVIOUSLY NAMED AS CIRCLE K STORES INC.)

15. Plaintiff, Robin Decker, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 14, as if fully set forth herein.

**RESPONSE: To the extent that the allegations in paragraph 15 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's adopts and reincorporates by reference each and every one of its responses to the allegations contained in paragraphs 1 through 14 as if fully set forth herein.**

16. That on or about May 19, 2023, Defendant, Circle K Stores Inc., was then and there in control of the premises, located at 1330 Monroe Street, in the Village of Carleton, County of Monroe, State of Michigan.

**RESPONSE: To the extent that the allegations in paragraph 16 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's admits only that Defendant Mac's Convenience Stores, LLC, owned and operated a store at the premises located at 1330 Monroe Street in the Village of Carleton, County of Monroe, State of Michigan. Defendant Mac's denies all remaining allegations contained in paragraph 16.**

17. That on or about May 19, 2023, Plaintiff, Robin Decker, was lawfully on Defendant's premises and her relationship to Defendant was that of an invitee.

**RESPONSE: To the extent that the allegations in paragraph 17 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 17.**

18. That, on the aforementioned date, as Plaintiff, Robin Decker, was walking in the parking lot of the Defendant's premises, she looked back at the gas pump number and violently fell due to a large pothole, whose irregularities were not visible and without any warning, which caused her to suffer severe personal injuries, including, but not limited to, *traumatic injuries to her right hand, including Dupuytren's contracture of right hand, palm fasciectomy of right hand,* among other injuries.

**RESPONSE: To the extent that the allegations in paragraph 17 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 17.**

19. Defendant, Circle K Stores Inc., by and through its agents, contractors and employees, owed a duty to exercise reasonable care and caution for the health, safety, and well-being of persons lawfully upon the property, in particular, Plaintiff, Robin Decker, and further had the duty to warn the public in general, and Plaintiff in particular, of any dangerous conditions then and there existing, and to obey the common laws and ordinances of the Village of Carleton, and the statutory laws of the State of Michigan.

**RESPONSE: To the extent that the allegations in paragraph 19 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's admits to only those duties created by Michigan law, and denies Plaintiff has fully and accurately stated those duties herein. Defendant Mac's denies the remaining allegations in paragraph 19.**

20. That in total disregard of duties owed to Plaintiff, Defendant, Circle K Stores Inc., at all times material hereto, breached said duties in one or more of the following particulars, but not necessarily limited to:

   a. Negligently, carelessly and recklessly failing to take necessary precautions to avoid the creation of a dangerous condition;

   b. Negligently, carelessly, and recklessly being guilty of other acts of negligence currently unknown to Plaintiff, but which will be ascertained through the discovery process;

**RESPONSE: To the extent that the allegations in paragraph 20 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 20, including each of subparagraphs a through b.**

21. Defendant, Circle K Stores Inc., is vicariously liable under the doctrine of *respondeat superior* for the acts or omissions of any its agents, contractors, employees, or other entities under its ownership or control.

**RESPONSE: To the extent that the allegations in paragraph 21 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 21.**

22. That as a direct and proximate result of the acts of negligence and/or omissions of Defendant, Circle K Stores Inc., Plaintiff, Robin Decker, was caused to sustain severe injuries including, but not limited to, *traumatic injuries to her right hand, including Dupuytren's*

*contracture of right hand–palm fasciectomy of right hand*, among others, and suffered severe, permanent, grievous personal injuries and damages, including conscious pain and suffering.

**RESPONSE: To the extent that the allegations in paragraph 22 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 22.**

23. That as a further direct and proximate result of the acts of negligence and/or omissions of Defendant, Circle K Stores Inc., Plaintiff, Robin Decker, was required to incur substantial sums of money for the reasonable and necessary medical care and treatment referred to above in an attempt to alleviate and cure herself of the pain, suffering, internal damages, and permanent injuries sustained by her in the hereinbefore described incident.

**RESPONSE: To the extent that the allegations in paragraph 23 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 23.**

24. That in the event it is determined that Plaintiff, Robin Decker, was suffering from any other pre-existing medical and/or emotional condition(s), then, in that event, Plaintiff avers that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

**RESPONSE: To the extent that the allegations in paragraph 24 refer to or name "Circle K Stores Inc.", Defendant denies that Circle K Stores, Inc. is the proper party and responds solely in the capacity of Mac's Convenience Stores, LLC, the amended defendant.**

**Defendant Mac's denies the allegations contained in paragraph 24.**

WHEREFORE, Defendant, Mac's Convenience Stores, LLC, denies that Plaintiff is entitled to judgment against it in any amount whatsoever, and prays for the entry of judgment in its favor, together with costs of this action.

## AFFIRMATIVE DEFENSES

Defendant, Mac's Convenience Stores, LLC, asserts the following Affirmative Defenses:

1. Any condition present at the time of Plaintiff's fall, including but not limited to, the condition of the grounds and pavement, were all open and obvious.

2. To the extent any condition was open and obvious, Defendant owed no duty to warn.

3. Plaintiff's own negligence in failing to keep a proper lookout, failing to observe the conditions, and failing to exercise ordinary care with respect to where she was walking was the sole proximate cause of the injuries and damages alleged in the Plaintiff's Complaint.

4. In the alternative, Plaintiff was contributorily negligent in causing her injuries and damages alleged in the Complaint by failing to keep a proper lookout, failing to exercise ordinary care in the area where hazards in the ground and pavement surface may have been present, with respect to where and how she was walking.

5. Plaintiff's injuries were prior existing.

6. To the extent Plaintiff failed to mitigate her damages, any recovery should be barred or reduced accordingly.

7. Defendant denies that it owed any legal duty to Plaintiff beyond that required under applicable premises liability law.

8. Defendant also further asserts that it was not the entity originally named in Plaintiff's Complaint. Defendant was substituted by stipulation as the proper party, and reserves

all rights and defenses arising out of the misidentification of the defendant, including any prejudice or limitations issues resulting from that error.

Dated: June 2, 2025

/s/ *Joseph P. Sullivan*
Joseph P. Sullivan (P38076)
Zachary Stillman (P87670)
Litchfield Cavo LLP
303 W. Madison, Suite 300
Chicago, IL 60606
(312) 781-6677/6602
sullivanj@litchfieldcavo.com
Stillman@litchfieldcavo.com
*Counsel for Mac's Convenience Stores LLC*

## CERTIFICATE OF SERVICE

I certify that on June 2, 2025, I, counsel for Mac's Convenience Stores, LLC electronically filed with the Court and served the foregoing **Answer and Affirmative Defenses to Plaintiff's Complaint** via electronic mail to the below-listed counsel of record for plaintiff:

James A. Lane
Mike Morse Law Firm
24901 Northwestern Highway, Suite 700
Southfield, MI 48075
james.lane@855mikewins.com

/s/ *Joseph P. Sullivan*