EASTERN DISTRICT OF MICHIGAN
UNITED STATES DISTRICT COURT

ROBIN DECKER,

    Plaintiff,

-vs-

MAC'S CONVENIENCE STORES, LLC.,

    Defendant.

Case No: 25-11085
Hon. Judith E. Levy
Mag: Judge Kimberly G. Altman

_____

| MARC J. MENDELSON (P52798) | JOSEPH P. SULLIVAN (P38076) |
|---|---|
| JAMES A. LANE (P74654) | LITCHFIELD CAVO LLP |
| MIKE MORSE LAW FIRM | Attorney for Defendant |
| Attorneys for Plaintiff | 303 West Madison Street |
| 24901 Northwestern Highway, Suite 700 | Chicago, IL 60606 |
| Southfield, Michigan 48075-l365 | (312) 781-6602 |
| (248) 350-9050 | sullivanj@litchfieldcavo.com |
| James.lane@855mikewins.com | |
| Rima.najor@855mikewins.com | |

_____

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Robin Decker, by and through her attorneys, Mike Morse Law Firm, and for her First Amended Complaint against the above-named Defendant, Mac's Convenience Stores LLC, states as follows:

### COMMON ALLEGATIONS

1.    Plaintiff, Robin Decker, is a resident of the Village of Maybee, County of Monroe, State of Michigan.

2. Defendant, Mac's Convenience Stores LLC, is a foreign limited liability company, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Monroe, State of Michigan.

3. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

### COUNT I
### PREMISES LIABILITY CLAIM AS TO DEFENDANT, MAC'S CONVENIENCE STORES LLC

4. Plaintiff, Robin Decker, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 3 as if fully set forth herein.

5. That, on or about May 19, 2023, Defendant, Mac's Convenience Stores LLC, was then and there in control of the premises located at 1330 Monroe Street, in the Village of Carleton, County of Monroe, State of Michigan.

6. That, on or about May 19, 2023, Plaintiff, Robin Decker, was legally and properly on Defendant's premises and her relationship to Defendant was that of an invitee.

7. That, on the aforementioned date, as Plaintiff, Robin Decker, was walking within the parking lot of Defendant's premises, she looked back at the gas pump number and violently fell due to the presence of a large pothole, which pothole and irregularities were not readily visible and without any warning, which caused her to suffer severe personal injuries, including, but not limited to, ***traumatic injuries to her right hand, including Dupuytren's contracture of right hand-palmar fasciectomy of right hand,***

–2–

among other injuries.

8. That, at all times relevant hereto, Defendant, Mac's Convenience Stores LLC, owed a duty to Plaintiff, who was lawfully upon the premises, to maintain the premises in a safe condition free from danger, to exercise reasonable care to diminish hazards created by the presence of the large pothole, and such duty further required that reasonable and appropriate measures, in light of existing and created circumstances, be taken within a reasonable time to alleviate said hazard.

9. That in total disregard of such duties, Defendant, Mac's Convenience Stores LLC, all times material herein, breached said duties in one or more of the following particulars but, not necessarily limited to:

   a. Negligently, carelessly and recklessly maintaining the premises in an unsafe dangerous condition which constituted the creation of a hazard when it was known or should have been known that the particular condition of the parking lot/large pothole created an unsafe condition;

   b. Negligently, carelessly and recklessly increasing the hazard posed by the aforementioned defective premises by failing to correct said situation;

   c. Negligently, carelessly and recklessly failing to timely and properly inspect the parking lot/large pothole to identify the danger;

   d. Negligently, carelessly and recklessly failing to correct a dangerous condition then and there existing upon the premises when defendant knew or should have known of said condition;

    e. Negligently, carelessly and recklessly maintaining a hazardous condition on the premises;

    f. Negligently, carelessly and recklessly failing to provide Plaintiff reasonable and safe means of necessary access in and about said premises and free from dangerous and hazardous conditions;

    g. Negligently, carelessly and recklessly failing to use reasonable care to protect Plaintiff, and those like her, from and against the hazards arising from the unsafe condition of the premises;

    h. Negligently, carelessly and recklessly failing to inspect said premises so as to discover a dangerous condition of which Defendant knew or had reason to know existed;

    i. Negligently, carelessly and recklessly failing to alleviate a dangerous condition which Defendant knew or had reason to know existed;

    j. Negligently, carelessly and recklessly failing to warn Plaintiff, and those like her, of the dangerous condition then and there existing;

    k. In otherwise negligently, carelessly and recklessly failing to exert that degree of care, caution and diligence as would be demonstrated by a reasonable prudent business under the same or similar circumstances and in otherwise causing the injuries and damages to Plaintiff as hereinafter alleged;

    l. Failing to exercise reasonable care in hiring, supervising and retaining its employees; and,

    m. Negligently, carelessly, and recklessly being guilty of other acts of negligence currently unknown to Plaintiff, but which will be ascertained through the discovery process.

10. Defendant, Mac's Convenience Stores LLC, is vicariously liable under the doctrine of *respondeat superior* for the acts or omissions of any of its agents, contractors,

employees or other entities under its ownership or control.

11.  As a direct and proximate result of the acts of negligence and/or omissions of Defendant, Mac's Convenience Stores LLC, Plaintiff, Robin Decker, was caused to sustain severe injuries including, but not limited to, ***traumatic injuries to her right hand, including Dupuytren's contracture of right hand-palmar fasciectomy of right hand,*** among other injuries. As a result, Plaintiff suffered severe, excruciating and continuing pain and suffering, emotional distress, and humiliation and embarrassment all of which have necessitated medical care and treatment, extensive therapy, medications and other rehabilitative aids.

12.  As a further direct and proximate result of the acts of negligence and/or omissions of Defendant, Mac's Convenience Stores LLC, Plaintiff, Robin Decker, was required to incur substantial sums of money for the reasonable and necessary medical care and treatment referred to above in an attempt to alleviate and cure herself of the pain, suffering, mental anguish, and permanent injuries sustained by her in the hereinbefore described incident.

13.  That as a further direct and proximate result of the acts of negligence and/or omissions of Defendant, Plaintiff, Robin Decker, is and will be unable to participate in those activities in which a normal and healthy individual in the same and similar circumstances could have participated but for the injuries sustained in the above described incident.

14. In the event it is determined that Plaintiff, Robin Decker, was suffering from any other pre-existing medical and/or emotional condition(s), then, in that event, Plaintiff avers that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff, Robin Decker, respectfully requests a judgment against Defendant, Mac's Convenience Stores LLC, in an amount in excess of $25,000.00, that she may be found to be entitled by the Trier of Fact, plus court costs, interest and attorney fees so wrongfully incurred.

## COUNT II
## NEGLIGENCE CLAIM AS TO DEFENDANT, MAC'S CONVENIENCE STORES LLC

15. Plaintiff, Robin Decker, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16. That on or about May 19, 2023, Defendant, Mac's Convenience Stores LLC, was then and there in control of the premises, located at 1330 Monroe Street, in the Village of Carleton, County of Monroe, State of Michigan.

17. That on or about May 19, 2023, Plaintiff, Robin Decker, was lawfully on Defendant's premises and her relationship to Defendant was that of an invitee.

18. That, on the aforementioned date, as Plaintiff, Robin Decker, was walking in the parking lot of the Defendant's premises, she looked back at the gas pump number and violently fell due to a large pothole, whose irregularities were not visible and without

any warning, which caused her to suffer severe personal injuries, including, but not limited to, ***traumatic injuries to her right hand, including Dupuytren's contracture of right hand-palmar fasciectomy of right hand,*** among other injuries.

19. Defendant, Mac's Convenience Stores LLC, by and through its agents, contractors and employees, owed a duty to exercise reasonable care and caution for the health, safety and well being of persons lawfully upon the property, in particular, Plaintiff, Robin Decker, and Defendant further had the duty to warn the public, in general, and Plaintiff, in particular, of any dangerous conditions then and there existing, and to obey the common law and ordinances of the Village of Carleton, and the statutory law of the State of Michigan.

20. That in total disregard of duties owed to Plaintiff, Defendant, Mac's Convenience Stores LLC, at all times material herein, breached said duties in one or more of the following particulars but, not necessarily limited to:

   a. Negligently, carelessly and recklessly failing to take necessary precautions to avoid the creation of a dangerous condition;

   b. Negligently, carelessly, and recklessly being guilty of other acts or negligence currently unknown to Plaintiff, but which will be ascertained through the discovery process.

21. Defendant, Mac's Convenience Stores LLC, is vicariously liable under the doctrine of *respondeat superior* for the acts or omissions of any its agents, contractors, employees or other entities under its ownership or control.

22. That as a direct and proximate result of the acts of negligence and/or omissions of Defendant, Mac's Convenience Stores LLC, Plaintiff, Robin Decker, was caused to sustain severe injuries, including, but not limited to, ***traumatic injuries to her right hand, including Dupuytren's contracture of right hand-palmar fasciectomy of right hand***, among others, and suffered severe, permanent, grievous personal injuries and damages, including conscious pain and suffering.

23. That as a further direct and proximate result of the acts of negligence and/or omissions of Defendant, Mac's Convenience Stores LLC, Plaintiff, Robin Decker, was required to incur substantial sums of money for the reasonable and necessary medical care and treatment referred to above in an attempt to alleviate and cure herself of the pain, suffering, mental anguish, and permanent injuries sustained by her in the hereinbefore described incident.

24. That in the event it is determined that Plaintiff, Robin Decker, was suffering from any other pre-existing medical and/or emotional condition(s), then, in that event, Plaintiff avers that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff, Robin Decker, respectfully requests a judgment against Defendant, Mac's Convenience Stores LLC, in an amount in excess of $25,000.00, that she may be found to be entitled by the Trier of Fact, plus court costs, interest and attorney fees so wrongfully incurred.

## JURY DEMAND

Plaintiff, Robin Decker, by and through her attorneys, Mike Morse Law Firm, hereby demands a Trial by Jury on all issues in this cause of action.

Respectfully submitted,

**MIKE MORSE LAW FIRM**

/s/ James A. Lane
MARC J. MENDELSON (P52798)
JAMES A. LANE (P74654)
Attorneys for Plaintiff
24901 Northwestern Hwy, Suite 700
Southfield, Michigan 48075
(248) 350-9050
James.lane@855mikewins.com

Dated: June 9, 2025

## CERTIFICATE OF SERVICE

    I Rima Najor, hereby certifies that a copy of Plaintiff's Amended Complaint and Jury Demand was served upon all attorneys of record of all parties to the above cause of action via electronic e-filing the same to them at their respective addresses as disclosed by the pleadings herein on June 9, 2025.

                                               /s/ Rima Najor  
                                               **RIMA NAJOR**